UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TARA STEWART,<br><br>      Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-03287<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TARA STEWART ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Northern District of Texas.

### PARTIES

1

4. Plaintiff is a natural person over 18-years-of-age.

5. Defendant, "offers third party collection services across pre-collect, primary, secondary, tertiary, quad and warehouse placement categories in healthcare, telecommunication, insurance, utility services, retail and financial services verticals."[1] Defendant is a limited liability company organized under the laws of the State of Nevada with its principal place of business located at 17000 Dallas Pkwy Ste 204 Dallas, Texas 75248.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant actions stems from Defendant's attempts to collect upon a defaulted consumer debt ("subject debt") that Plaintiff purportedly owes.

8. Around March 2020, Plaintiff began receiving calls to her cellular phone, (662) XXX-7857, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7857. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has called Plaintiff mainly using the phone number (877) 204-6553, but upon belief, Defendant has used other phone numbers as well

11. Upon information and belief, the aforementioned phone number ending in -6553 is regularly utilized by Defendant during its debt collection activity.

---

[1] https://credencerm.com/index.html

2

12. Plaintiff, through her contacts with Defendant, was informed that Defendant was attempting to collect upon the subject debt.

13. Plaintiff was confused as to what specific debt Defendant was referring to, as Defendant would inform here that it was attempting to collect upon a debt but would not go on to inform Plaintiff what specific debt it was calling about.

14. Upon information and belief, the debt serving as the basis of Defendant's collection efforts is consumer in nature, as Plaintiff is a consumer with no commercial, business, or non-consumer debts that would be subject to collections.

15. Frustrated with the deceptive and evasive nature of Defendant's collection efforts, Plaintiff demanded that Defendant cease contacting her cellular phone.

16. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone seeking payment on subject debt.

17. Despite Plaintiff's efforts, Defendant continued contacting Plaintiff for months.

18. Plaintiff has received dozens of phone calls from Defendant since asking it to stop calling.

19. Moreover, throughout Defendant's collection campaign, Defendant failed to provide Plaintiff any written correspondence notifying her of her rights pursuant to 15 U.S.C. §1692g.

20. Additionally, Defendant frequently failed to provide the requisite disclosures under 15 U.S.C. § 1692e(11).

21. Frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls,

emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff dozens of times after she demanded multiple times that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite

4

of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

32. Furthermore, Defendant violated §1692d through the nature of its harassing, oppressive, and abusive conduct during the phone conversations it had with Plaintiff. During these phone calls, Defendant refused to inform Plaintiff as to whom the subject debt is owed. As soon as Plaintiff made a reasonable request for information verifying what the subject debt is for, Defendant intentionally and oppressively refused to provide such information.

### b. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…." 15 U.S.C. §1692e(11).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior,

Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

36. Furthermore, Defendant violated §1692e(11) when it failed to properly apprise Plaintiff of the fact that it is was attempting to collect upon the subject debt and any information would be used for that purpose in the phone calls to Plaintiff.  By failing to disclose all the information that is required under §1692e(11), Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from enforcing her rights under the FDCPA. Defendant used such deceptive means in order to coerce Plaintiff into satisfying the subject debt.

    **c.   Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff dozens of times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. Furthermore, it was unfair for Defendant to refuse to identify to whom the subject debt is owed. Defendant's unfair conduct left Plaintiff confused and unsure as to what account is related to Defendant's collection efforts, precluding Plaintiff from being able to chart an intelligent course of conduct in response to Defendant's collection efforts.

### d. Violations of FDCPA §1692g

40. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

41. Defendant violated § 1692g(a) by failing to provide the written information required within five days after the initial communication with Plaintiff. At no point has Plaintiff been provided any information in writing regarding the subject debt which outlines her rights under § 1692g.

42. Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, TARA STEWART, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 30, 2020                               Respectfully submitted,

                                                    s/ Nathan C. Volheim
                                                  Nathan C. Volheim, Esq. #6302103
                                                  Counsel for Plaintiff
                                                  Sulaiman Law Group, Ltd.
                                                  2500 South Highland Ave., Ste 200
                                                  Lombard, Illinois 60148
                                                  (630) 568-3056 (phone)
                                                  (630) 575-8188 (fax)
                                                  nvolheim@sulaimanlaw.com